**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:

Lynn E. Baker,

      Debtor.

_____

BKY No. 10-44428

Chapter 7

**NOTICE OF HEARING AND MOTION FOR RELIEF FROM AUTOMATIC STAY**

TO:    ENTITIES SPECIFIED IN LOCAL RULE 9013-3.

    1.    R.J. Zayed ("**Zayed**"), the receiver for the matter of U.S. Commodity Futures Trading Commission v. Trevor G. Cook, at al., 09-cv-3332 MJD/JJK (D. Minn.) ("**CFTC Matter**") and U.S. Securities and Exchange Commission v. Trevor G. Cook, et al., 09-cv-3333 MJD/JJK (D. Minn.) ("**SEC Matter**")[1], by his attorneys, moves the Court for the relief requested below and gives notice of hearing.

    2.    The Court will hold a hearing on this motion at 2:00 p.m. on July 22, 2010, before the Honorable Robert J. Kressel, in Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, or as soon thereafter as counsel can be heard.

    3.    Any response to this Motion must be filed and served by delivery no later than July 16, 2010 which is five (5) days before the time for the hearing (including Saturdays, Sundays and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Fed. R. Bankr. P. No. 5005 and Local Rule 1070-1.  This is a core proceeding.  This case was commenced as a Chapter 7 case on June 8, 2010 and is now pending in this Court.

5. This motion arises under 11 U.S.C. §362 and Federal Rules of Bankruptcy Procedure 4001, and is filed under Federal Rules of Bankruptcy Procedure 9014 and Local Rules 1201-1215. Zayed requests relief from the automatic stay to liquidate his claims against Debtor Lynn E. Baker ("**Debtor**") and to seek contempt against the Debtor for his violation of orders issued by Chief Judge Michael J. Davis.

6. On November 23, 2009, Chief Judge Davis appointed Zayed as Receiver for the Receiver Estates. Orders relevant to this motion and attached hereto as Exhibit A are:

A1. *Order Appointing Receiver*, SEC Docket No. 13 (Nov. 23, 2009);

A2. *Amended Order Appointing Receiver,* SEC Docket No. 18 (Nov. 24, 2009);

A3. *Second Amended Order Appointing Receiver,* SEC Docket No. 68 (Dec. 11, 2009);

A4. *Order Imposing Asset Freeze and Other Ancillary Relief*, SEC Docket No. 14 (November 23, 2009);

A5. *Order Identifying Frozen Accounts*, SEC Docket No. 15 (November 23, 2009);

A6. *Ex Parte Statutory Restraining Order*, CFTC Docket No. 21 (November 23, 2009);

A7. *Order Continuing Appointment of Temporary Receiver*, CFTC Docket No. 96 (Dec. 11, 2009).

(collectively, the "**Receivership and Freeze Orders**").

7. Pursuant to the Receivership and Freeze Orders, Zayed is charged with locating and preserving all assets that remain from the scheme for the benefit of over 1,000 investors who were defrauded by Trevor Cook and his colleagues. In doing so, Zayed is authorized, among other things, to "take such action as necessary and appropriate to prevent the dissipation or concealment of any

---

[1] The assets at issue in the CFTC Matter and the SEC Matter may be referred to herein as the "**Receiver Estates**."

funds or assets or for the preservation of any such funds and assets of the Receiver Estates." Exhibit A3 at I.G.

8. The Receivership and Freeze Orders provide clear instructions to *anyone in possession of Receivership assets*. All assets of the Defendants and Relief Defendants in the SEC Matter and CFTC Matter are frozen, including "all other funds, accounts, and other assets to which proceeds from the Defendants' offering can be traced or which were acquired with proceeds of the Defendants' offering." Exhibit A4 at I. All persons in possession of Receivership assets are ordered to turn over to the Receiver "any and all property, including records of any nature, of which any of the Receiver Estates are the owners or have an interest in . . . ." Exhibit A3 at IX. In addition, anyone holding or controlling Receivership assets is prohibited from disposing of or taking any action that interferes with "the taking control, possession, or management, by the Receiver, of any assets of the Receiver Estates, or . . . in any way interfere[s] with or harass[es] the Receiver, or . . . interfere[s] in any manner with the exclusive jurisdiction of this Court over the Receiver Estates." Exhibit A3 at VII.D.; Exhibit A4 at p. 8; Exhibit A6 at I.A.

9. Prior to Zayed's appointment as receiver, Cook had asserted claims against the Debtor alleging, among other things, conversion and violation of the Minnesota Securities Act in the Hennepin County District Court, Case No. 27-CV-09-21495 ("**Hennepin County action**"). A copy of the Complaint in that matter is attached hereto as Exhibit B. Zayed, as receiver, now stands in the shoes of Trevor Cook as to the Hennepin County action.

10. Debtor and his associated entities submitted an Answer to the Amended Complaint in the Hennepin County action and a copy of that pleading is attached hereto as Exhibit C.

11. Prior to the commencement of this bankruptcy case:

(a) Debtor was aware that Zayed has claims against him that assets held by the Debtor were property of the Receivership Estates;

(b) Counsel for Zayed first spoke with counsel for the Debtor regarding the Hennepin County action on or before December 3, 2009;

(c) On or about December 9, 2009, Zayed and counsel for Debtor filed a stipulation with the Hennepin County District Court requesting that the litigation be stayed due to the receiverships;

(d) On or about January 20, 2010, counsel for Zayed and Debtor wrote a joint letter to the Hon. George F. McGunnigle of the Hennepin County District notifying that court of the receiverships and specifically noting that:

> "Among other things, Judge Davis has stayed the continuation or enforcement of any suit or proceeding against or affecting any of the Defendants, Relief Defendants, or Receiver Estates . . . . Nevertheless, the parties to the above-captioned case (with the Receiver standing in the place of Plaintiff Trevor Cook) are trying to work toward an amicable agreement to resolve this dispute . . . .;

(e) On or about May 20, 2010, Debtor and his attorneys met personally with Zayed. In that meeting, Zayed directly informed Debtor of the Receivership's claims against him for return of the investors' money;

12. It is clear that Debtor was well-aware that Zayed claims that Debtor was the recipient of fraudulent transfers, that the property is claimed to be property of the Receivership Estates, and that Zayed claimed that Debtor was subject to the Receivership and Freeze Orders.

13. The Debtor filed his Chapter 7 bankruptcy petition on June 8, 2010 and listed the following information in his schedules:

(a) Baker Capital, LLC is listed with a value of $9,000.00 on Schedule B, and is a source of income for the year 2008 on Statement of Financial Affairs, para. 1 ("**SOFA**"). The Debtor did not disclose that he is an officer, director, partner or managing executive of this entity on SOFA, para. 18(a).

(b) Mesa Holdings, Inc. is listed with a value of $-0- on Schedule B, and is a source of income for the years 2008, 2009 and 2010 on SOFA, para. 1. The Debtor did not disclose that he is an officer, director, partner or managing executive of this entity or of its related Mesa entities on SOFA, para. 18(a).

(c) On information and belief, the Debtor owns and controls, directly or indirectly, Baker 500 Corporation, but did not disclose his interest in or position with this corporation in his schedules.

14. Zayed, in his capacity as receiver for the Receivership Estates, desires to (a) liquidate his claims against the Debtor; (b) pursue contempt claims against the Debtor in the U.S. District Court for his commencement of this bankruptcy case in violation of the Receivership and Freeze Orders entered by Chief Judge Michael J. Davis; and (c) to otherwise enforce the state and federal rights of the Receivership Estates.

15. Movant hereby gives notice that, if required, it may call Zayed to testify at any hearing on this matter.

16. Movant desires immediate stay relief under 11 U.S.C. §§362(d)(1) and (2).

**WHEREFORE**, R.J. Zayed, by his undersigned attorneys, moves the Court for an order that:

1. The automatic stay provided by 11 U.S.C. §362(a) be terminated to permit Zayed to (a) liquidate his claims against the Debtor; (b) pursue contempt claims against the Debtor in the

U.S. District Court for his commencement of this bankruptcy case; (c) to otherwise enforce the state and federal rights of the Receivership Estates; and

2. For such other and further relief as may be just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: July 7, 2010

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Andrea M. Hauser, #207469
Attorneys for R.J. Zayed, Receiver
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1234
(612) 332-1030
mburton@losgs.com
ahauser@losgs.com

## VERIFICATION

I, R.J. Zayed, the federally-appointed receiver in the matters of U.S. Commodity Futures Trading Commission v. Trevor G. Cook, at al., 09-cv-3332 MJD/JJK (D. Minn.) and U.S. Securities and Exchange Commission v. Trevor G. Cook, et al., 09-cv-3333 MJD/JJK (D. Minn), the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 7, 2010

R.J. Zayed, Receiver

424540

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

BKY No. 10-44428

In re:

Chapter 7

Lynn E. Baker,

        Debtor.

**MEMORANDUM IN SUPPORT OF RECEIVER'S MOTION
FOR RELIEF FROM AUTOMATIC STAY**

    R.J. Zayed ("**Zayed**" or "**Receiver**"), the receiver appointed by Chief Judge Michael J. Davis in U.S. Commodity Futures Trading Commission v. Trevor G. Cook, at al., 09-cv-3332 MJD/JJK (D. Minn.) ("**CFTC Matter**") and U.S. Securities and Exchange Commission v. Trevor G. Cook, et al., U.S. Dist. Ct. No. 09-cv-3333 MJD/JJK (D. Minn.) ("**SEC Matter**"), seeks relief from the automatic stay of 11 U.S.C. §362 so that he may carry out his charge. The CFTC and SEC Matters concern a $190 million Ponzi scheme run by Trevor Cook and others. The Receiver is charged with locating and preserving all assets that remain from the scheme for the benefit of over 1,000 investors who were defrauded by Cook and his colleagues.

    Relief from the automatic stay is required because the Debtor, Lynn E. Baker, commenced this bankruptcy case to frustrate Zayed's efforts as a federally-appointed receiver and Chief Judge Davis' exclusive jurisdiction over the Receivership Estates. On November 23, 2009, Chief Judge Davis entered Receivership and Freeze Orders appointing Zayed as Receiver in the CFTC and SEC Matters and staying, among other things, any attempt to dilute the value of the Receiver Estates. *See* Notice of Hearing and Motion for Relief From Automatic Stay, para. 6 & Exhibit A. The Debtor, and corporations and partnerships which he owns and controls, are subject to Chief Judge Davis' exclusive jurisdiction and his Receivership and Freeze Orders

because approximately $3.55 million of investors' funds were conveyed to him as a result of business dealings in 2008-09 and must be returned to the Receivership. The Debtor commenced the bankruptcy with full knowledge that Chief Judge Davis had exclusive jurisdiction over the Receivership Estates and that his orders expressly prohibited Debtor from doing so. Debtor, and corporations and partnerships which he owns and controls also are defendants in a state court lawsuit commenced by Trevor G. Cook in 2009 for return of those same funds. Zayed is now the plaintiff in that litigation.[1]

When a bankruptcy case is filed, the automatic stay prevents "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. §362(a)(1). The automatic stay provides a bankruptcy debtor with "a breathing spell from his creditors" in which he may attempt "a repayment or reorganization plan." *Farley v. Hanson*, 2 F.3d 273, 274 (8th Cir. 1993). A creditor may seek relief from the stay under 11 U.S.C. §362(d) which states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> > (A) the debtor does not have an equity in such property; and
> > (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. §362(d).

---

[1] Additional facts relevant to this motion are contained in the verified Notice of Hearing and Motion served and filed herewith.

Stay relief is required so that Zayed may carry out his judicially-mandated function of collecting the assets of Trevor Cook. Trevor Cook transferred millions of investors' dollars to Debtor and at least one of his companies, Mesa Holdings. One of Zayed's primary duties is to maximize the value of the Receivership Estates for distribution to defrauded investors and other claimants. *See Scholes v. Lehmann*, 56 F.3d 750, 755 (7th Cir. 1995) (receiver's "only object is to maximize the value of the [receivership assets] for the benefit of their investors and any creditors")*; SEC v. TLC Invs. & Trade Co.*, 147 F. Supp. 2d 1031, 1042 (C.D. Cal. 2001)*; SEC v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660, 669 (D. Kan. 2004). To maximize distributions, Zayed must work diligently to recover all Receivership assets - including the entirety of Receivership funds transferred to the Debtor. Liquidation of Zayed's claims is necessary to fulfill Chief Judge Davis' exclusive jurisdiction over the Receivership Estates and his Receivership and Freeze Orders.

## I. THE RECEIVER IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR CAUSE UNDER 11 U.S.C. §362(d).

"The statutory grounds for granting relief from the automatic stay are in the disjunctive." *Martens v. Countrywide Home Loans (In re Martens)*, 331 B.R. 395, 398 (8th Cir. BAP 2005). If the movant either proves cause, or shows there is no equity in the property and that the property is not necessary for a successful reorganization, the court must lift the stay. *Id.*

The movant has the initial burden of showing "cause" or that the debtor lacks equity in the property. 11 U.S.C. §362(g); *Sonnax Ind., Inc. v. Tri Component Prods. Corp. (In re Sonnax Ind., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990). Then the burden shifts to the party which opposes stay relief the party to prove any other relevant issue. *Id.*

### A. To the Extent the Debtor Controls Receivership Assets, the Debtor Has No Equity in Such Assets.

Here, Zayed must endeavor to recover assets that were allegedly fraudulently transferred from the Receivership Estates to the Debtor or to entities which the Debtor owns or controls. To the extent that the Debtor controls Receivership Estates' assets, the Debtor lacks equity in those assets as such assets cannot be property of the Debtor's bankruptcy estate. *See Federal Trade Comm'n v. R.A Walker & Assoc.*, 37 B.R. 608, 612 (D.D.C. 1983) (fraudulently acquired assets are not property of bankruptcy estate). Therefore, Zayed is entitled to relief from the stay as the Debtor has no equity in the Receivership assets. *See Martens*, 331 B.R. at 398. Moreover, as the Debtor filed a Chapter 7 liquidation, there are no assets which would be "necessary to an effective reorganization" under 11 U.S.C. §362(d)(1)(B).

At this juncture, however, Zayed is simply seeking to liquidate the Receiver Estates' claims *vis a vis* the bankruptcy estate and to seek a contempt order against the Debtor for his violation of the Receivership and Freeze Orders.

**B.     Cause Exists to Lift the Stay to Allow the Receiver to Pursue Non Bankruptcy Claims Against the Debtor in the  U.S. District Court and Hennepin County District Court.**

Although Congress did not define the term "cause," it has been defined as "any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding." *Martens*, 331 B.R. at 398, *citing In re Food Barn Stores, Inc.*, 159 B.R. 264, 266 (Bankr. W.D. Mo. 1993). "Pending litigation against the debtor in a non-bankruptcy forum may constitute cause." *Wiley v. Hartzler (In re Wiley)*, 288 B.R. 818,822 (8th Cir. BAP 2003); *In re Coachworks Holdings, Inc.,* 418 B.R. 490, 492 (M.D. Ga. 2009).

To determine whether stay relief should be granted to allow a party to pursue claims against a debtor in a venue outside of the bankruptcy court, courts in this jurisdiction have

compared "the potential prejudice to the debtor, to the bankruptcy estate and to other creditors against the hardship to the moving party if it is not allowed to proceed in the state [or non-bankruptcy] court."  *Wiley*, 288 B.R. at 822, *citing Blan v. Nachogdoches County Hosp. (In re Blan),* 237 B.R. 737, 739 (8th Cir. BAP 1999).

> The factors used to balance the hardships are: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*Id.*

As in the *Wiley* case, here the receivership litigation is complex and for purposes of judicial economy, would be better handled in the state and federal court venues, where the courts have jurisdiction over the numerous other defendants, as well as over the Debtor.  *See In re Coachworks Holdings, Inc.,* 418 B.R. 490, 493 (M.D. Ga. 2009) (judicial economy requires that movant with similar claims against multiple defendants prosecute claims in one forum).  For purposes of the first factor, judicial economy, the receivership litigation should proceed in the non-bankruptcy courts.

As the SEC Matter, the CFTC Matter, and the Hennepin County action were recently commenced, the second factor of trial readiness is not critical.  However, because Zayed is charged with recovering fraudulently transferred Receivership assets, time is of the essence.  The assets may be transferred to third parties or quickly dissipated with the passage of time.  With regard to the third and fourth factors, Zayed's litigation is not pendant upon the resolution of any preliminary bankruptcy issues involving the Baker bankruptcy estate and the likelihood of Zayed's success on the merits of the claims against the Debtor and other parties would likely be the same in either forum.  Lastly, as Zayed is seeking to recover assets of the Receivership

5

Estates, the impact of the receivership litigation should not affect other creditors of the bankruptcy estate which have claims against bankruptcy estate property.

As in the *Wiley* case, the balancing of the five factors from the *Blan* case weighs heavily in favor of lifting the stay to allow Zayed to pursue his claims against the Debtor outside of the bankruptcy court. As the *Wiley* court stated, "It would often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere. *Wiley*, 288 B.R. at 822. Zayed should be permitted to liquidate his claims and to seek other relief which does not affect the bankruptcy estate.

## CONCLUSION

Accordingly, Zayed, in his capacity as receiver, is entitled to an Order terminating the automatic stay and authorizing Zayed to (a) liquidate his claims against the Debtor; (b) pursue contempt claims against the Debtor in the U.S. District Court for his commencement of this bankruptcy case; and (c) to otherwise enforce the state and federal rights of the Receivership Estates.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: July 7, 2010    By /e/ Matthew R. Burton
    Matthew R. Burton, #210018
    Andrea M. Hauser, #207469
    Attorneys for R.J. Zayed, Receiver
    100 South Fifth Street, Suite 2500
    Minneapolis, Minnesota 55402-1234
    (612) 332-1030
    mburton@losgs.com
    ahauser@losgs.com

424541

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

BKY No. 10-44428

In re:

Chapter 7

Lynn E. Baker

        Debtor.

_____

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2010, I caused the following documents:

> *Notice of Hearing and Motion for Relief from Stay, Memorandum of Law and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

Lynn E. Baker
4479 Manitou Road
Excelsior, MN 55331


Dated: July 7, 2010

                                                  /e/ Stephanie Wood
                                          _____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

424583

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:

Lynn E. Baker,

      Debtor.

_____

BKY No. 10-44428

Chapter 7

## ORDER

This case came before the court upon the motion of R.J. Zayed, the receiver for the matter of *U.S. Commodity Futures Trading Commission v. Trevor G. Cook*, at al., 09-cv-3332 MJD/JJK (D. Minn.) and *U.S. Securities and Exchange Commission v. Trevor G. Cook, et al.*, 09-cv-3333 MJD/JJK (D. Minn.), for relief from the automatic stay pursuant to 11 U.S.C. §362(d).

Based upon the motion and the file and the Court being advised of the premises,

IT IS ORDERED:

1.     The motion for relief from the automatic stay is granted.

2.     R. J. Zayed, as receiver, may liquidate his claims against the Debtor.

3.     R. J. Zayed may pursue his contempt claims, as receiver, against the Debtor in the U.S. District Court.

4.     Notwithstanding Federal Rules of Bankruptcy Procedure 4001(a)(3), this Order is effective immediately.

_____

424385

_____
United States Bankruptcy Court Judge