MN - 204
(Rev'd 9/09)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No. 10-44428-RJK
Chapter 7

**Lynn E. Baker,**

**NOTICE OF SETTLEMENT**

Debtor.

To: The United States Trustee, all creditors and other parties in interest.

**NOTICE.** On April 8, 2011, or as soon thereafter as the transaction may be completed, and subject to objection under applicable rules, the undersigned trustee of the estate of the debtor named above will settle a controversy as follows:

Settlement of Adv. 10-04478, captioned *John R. Stoebner, Trustee v. Lynn E. Baker*, including an 11 U.S.C. §727 claim. The trustee commenced action against the debtor seeking turnover of $37,853.00 for the value of the debtor's 2009 tax refunds and denial of the debtor's discharge based on fraudulent transfers made by the debtor, the debtor's failure to keep adequate records, false oaths by the debtor in his original schedules, and his failure to explain the loss of assets. The debtor filed an answer to the complaint denying the allegations of the complaint, turned over to the trustee all non-exempt tax refunds for the year 2009, and provided additional information regarding the loss of assets and the omission of certain information in the debtor's schedules. Subsequently, the debtor has reached a settlement with the trustee whereby the debtor will pay the trustee, in addition to the 2009 tax refunds already turned over, the sum of $13,500 for the release of all fraudulent transfer claims the estate may possess against the debtor, debtor's daughter, debtor's sister and his ex-spouse and all other claims the estate may have against the debtor. The trustee believes the debtor's offer to be in the best interests of the estate since the estate will be able to recover $20,500 of the total $23,300 in pre-petition transfers that were in dispute ($7,000 was previously recovered by the trustee – see Order approving settlement dated November 17, 2010 [doc. # 80]). Furthermore, with the additional disclosures and further explanation provided by the debtor to the trustee, the trustee believes the settlement to be appropriate under the standard set forth in *In re Bates,* 211 B.R. 338 (Bankr. D. Minn 1997) and in the best interests of the estate and respectfully requests Bankruptcy Court approval of the same. Moreover, the fact that the basis for denial of discharge directly involved failure to turnover assets and said assets or their value have now been turned over, the failure to keep adequate records and those records have either been turned over or adequately explained, and with the debtor's denial that no false oaths or omissions were made or were later explained to the satisfaction of the trustee, the trustee believes dismissal of the action to be in the best interests of the estate.

**OBJECTION: MOTION: HEARING**. Under applicable rules, any objection must be in writing, be served on the undersigned trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the date set for the settlement. If an objection is timely served and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee. If an objection is made or an order is required, the undersigned trustee moves the court for such orders as may be necessary or appropriate.

| U.S. Bankruptcy Court | U.S. Trustee | John R. Stoebner, Trustee |
|---|---|---|
| 301 U.S. Courthouse | 1015 U.S. Courthouse | One Financial Plaza, Suite 2500 |
| 300 South Fourth Street | 300 South Fourth Street | 120 South Sixth Street |
| Minneapolis, MN 55415 | Minneapolis, MN 55415 | Minneapolis, MN 55402 |

Dated: March 14, 2011

/e/ John R. Stoebner
John R. Stoebner, Trustee
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN 55402
(612) 338-5815